1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GERROD LONZELL HERNDON,              No. 2:16-CV-0241-CMK-P

12              Plaintiff,

13        vs.                                ORDER

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,

15
              Defendants.
16
     _____/
17

18              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19   42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C.

20   § 636(c) and no other party has been served or appeared in the action.

21              On June 14, 2016, the court directed plaintiff to resolve the fee status for this case

22   within 30 days of the date of the order.  Plaintiff was warned that failure to comply may result in

23   dismissal of this action for lack of prosecution and failure to comply with court orders and rules.

24   See Local Rule 110.  As of October 13, 2016, plaintiff had not complied and the court directed

25   plaintiff to show cause in writing within 30 days why this action should not be dismissed for

26   failure to resolve fees.  Plaintiff was once again warned that failure to respond may result in

                                        1

1  dismissal of the action.  See id.  To date, plaintiff has not resolved the fee status of this action or

2  responded to the court's order to show cause.  Additionally, the docket reflects that mail directed

3  to plaintiff was returned undeliverable on March 15, 216, and again on November 7, 2016, and

4  plaintiff has failed to file a notice of change of address.

5          The court must weigh five factors before imposing the harsh sanction of

6  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

7  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

8  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

9  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

10  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

11  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

12  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

13  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

14  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

15  1423 (9th Cir. 1986).

16          Having considered these factors in light of plaintiff's failure to prosecute this

17  action, the court finds that dismissal is warranted.

18          Accordingly, IT IS HEREBY ORDERED that:

19          1.      This action is dismissed, without prejudice, for failure to comply with

20  court rules and orders and for lack of prosecution; and

21          2.      The Clerk of the Court is directed to enter judgment and close this file.

22  DATED: December 9, 2016

23

24                                          _____
                                            CRAIG M. KELLISON
25                                          UNITED STATES MAGISTRATE JUDGE

26